**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 14-3114

HERBERT ROCCO,

Appellant

v.

GORDON FOOD SERVICE

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No.2-11-cv-00585)
District Judge:  Honorable Joy Flowers Conti

Submitted under Third Circuit LAR 34.1(a)
on May 1, 2015

Before: FISHER, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: July 2, 2015)

OPINION*

ROTH, <u>Circuit Judge</u>

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Herbert Rocco appeals the District Court's order granting summary judgment in favor of Gordon Food Service on Rocco's claims of discrimination under the Americans with Disabilities Act and Pennsylvania Human Relations Act. We will affirm.

## I.

Rocco was employed at GFS as a delivery driver. The job involved driving a delivery truck with packaged foods to customer locations, unloading the truck, and depositing the food at the customers' place of business. The position was classified as heavy-duty because it required lifting and maneuvering of packages up to one hundred pounds throughout the day.

On May 11, 2009, Rocco injured his knee while playing football during his off-hours. Unable to perform his job, Rocco was placed on leave under the Family and Medical Leave Act. In August 2009, after the twelve-week leave period, Rocco could not return to work so he remained on leave. On October 19, 2009, Rocco's physician cleared Rocco to return to work with no restrictions. GFS' Functional Capacity Examination, however, determined that Rocco could only perform medium-duty work. Because there was no job opening other than the heavy-duty delivery driver position, Rocco remained on medical leave.

On January 21, 2010, Rocco was cleared to return to heavy-duty work. He was terminated on the same day, allegedly because there was no opening or need for a delivery driver or any other transportation professional.

Rocco brought suit, alleging that GFS violated the ADA and PHRA. GFS filed a motion for summary judgment, which the District Court granted. The District Court held

2

that Rocco failed to establish a prima facie case of discrimination. The District Court

denied Rocco's motion for reconsideration. Rocco appealed.

## II.[1]

To make out a prima facie case of disability discrimination under the ADA, a

plaintiff must demonstrate that he has a "disability" within the meaning of the ADA, that

he is a "qualified individual," and that he "has suffered an adverse employment action

because of that disability."[2] The ADA defines disability as: "(A) a physical or mental

impairment that substantially limits one or more major life activities of such individual;

(B) a record of such an impairment; or (C) being regarded as having such an

impairment."[3]

The District Court analyzed Rocco's claim under the actual disability prong,

noting that Rocco asserted no claims under the "record of" or "regarded as" prongs of the

statute.[4] The District Court determined that Rocco failed to establish that he had a

"disability" at the time of the adverse employment action.

---

[1] The District Court had subject matter jurisdiction over Rocco's federal claim under 28 U.S.C. § 1331 and had supplemental jurisdiction over Rocco's state-law claim under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291, and may affirm the District Court's grant of summary judgment on any basis supported by the record. *See Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 475 n.1 (3d Cir. 2003). Our review is plenary. *See Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 134 (3d Cir. 2013).
    "We review a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error." *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010).
[2] *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006).
[3] 42 U.S.C. § 12102(1).
[4] *Rocco v. Gordon Food Serv.*, 998 F. Supp. 2d 422, 425 (W.D. Pa. 2014).

3

On appeal, Rocco asserts that his complaint alleged "all three prongs or legal theories of statutory disability." He contends that because GFS moved for summary judgment only on the actual disability prong, his "record of" and "regarded as" claims should have survived summary judgment. Rocco further argues that "the presumptive analysis that actual disability is determined at the time of the adverse employment action does not apply" to him. We disagree.

Rocco's second amended complaint contained references to the "record of" and "regarded as" prongs, but his substantive allegations were entirely focused on the actual disability theory. Likewise, Rocco did not raise the "record of" and "regarded as" theories in opposition to summary judgment. He merely recited the alternatives for showing a disability under the ADA, but did not argue that GFS in fact regarded him as disabled or that he was disabled because he had a record of having a disability. Having lost at summary judgment, Rocco asserted the "regarded as" and "record of" claims for the first time in his motion for reconsideration. Rule 59 motions, however, do not present an opportunity to raise new arguments that could or should have been presented to the district court prior to judgment.[5] Furthermore, issues which have not been properly raised before the District Court will only be considered on appeal under exceptional circumstances.[6] No exceptional circumstances exist here.

---

[5] *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3rd Cir. 1999); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) ("Rule 59(e) motions are aimed at *re*consideration, not initial consideration." (internal quotation marks omitted)).
[6] *See Altman v. Altman*, 653 F.2d 755, 758 (3d Cir. 1981).

The relevant time for determining whether the plaintiff is a "qualified individual with a disability" is the time of the adverse employment decision.[7] Rocco does not dispute that the "time of the adverse employment decision" was January 2010 when GFS terminated him. Based on Rocco's allegations, as of January 2010 he did not have a physical or mental impairment that substantially limited one or more of his major life activities. Accordingly, Rocco did not demonstrate a necessary element of his prima facie case.

**III.**

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of GFS.[8]

---

[7] *See EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 618 (5th Cir. 2009) (citing *Samuels v. Kansas City Mo. Sch. Dist.*, 437 F.3d 797, 802 (8th Cir. 2006)); *Swanson v. Univ. of Cincinnati*, 268 F.3d 307, 316 (6th Cir. 2001); *Cash v. Smith*, 231 F.3d 1301, 1306 (11th Cir. 2000)).

[8] We also conclude that the District Court did not err in denying Rocco's motion for reconsideration.